NOLL v RITZER

Docket No. 328131. Submitted October 11, 2016, at Grand Rapids. Decided October 18, 2016, at 9:00 a.m.

Thomas L. Noll petitioned the 3-B District Court for a hearing to contest the reasonableness of the towing and storage fees assessed for a motorcycle he had sold to an individual who was later involved in a fatal accident. Noll remained the title owner of the motorcycle because he had failed to retain documentation of the sale. The motorcycle was towed from the scene of the accident by respondent, David J. Ritzer, doing business as Steve's Auto Parts. At the direction of the Michigan State Police, Ritzer stored the motorcycle during the police investigation of the accident. The storage fee was $35 a day. After Noll received notice that he was the title owner of the motorcycle, he filed the petition under MCL 257.252a(6) for a hearing to contest the reasonableness of the towing and storage fees, which totaled more than $11,000. Noll did not post a bond. The court, Jeffrey C. Middleton, J., concluded that although the letter of the law required Noll to post a bond of $40 and the full amount of the accrued towing and storage fees, the court's practice was to require that a bond be posted only if the owner of the vehicle sought its release before the hearing. Following the hearing, the court ruled that the police and the towing agency had properly complied with the procedures for removal of the motorcycle and that the towing and storage fees were reasonable. However, the court concluded that Ritzer was limited by MCL 257.252i(2) to $1,000 in damages. Ritzer appealed the district court's decision in the circuit court. The St. Joseph Circuit Court, Paul E. Stutesman, J., affirmed the district court's decision to hold the hearing without requiring the bond. The Court of Appeals denied Ritzer's application for leave to appeal. Ritzer applied for leave to appeal in the Supreme Court, which remanded the case to the Court of Appeals for consideration as on leave granted. 499 Mich 912 (2016).

The Court of Appeals held:

Portions of MCL 257.252a(6) and (13) use language indicating that an owner requesting a hearing to contest the fact that a vehicle was abandoned or the reasonableness of the towing and

storage fees must post a bond equal to the amount of $40 plus the accrued fees before a hearing is held. Other portions of those subsections, however, indicate that the bond is not required except to obtain release of the vehicle, rendering the statutory language ambiguous. Examining the history of the statute revealed the Legislature's intent that the owner of an abandoned vehicle post a bond equal to the amount of $40 plus the accrued towing and storage fees before a hearing is held to determine whether the vehicle was abandoned and whether the towing and storage fees are reasonable. The bond is required regardless of whether the owner seeks release of the vehicle before the hearing. In this case, the district court erred by conducting the hearing to contest the reasonableness of the fees without first requiring Noll to post a bond in the amount of $40 plus the accrued towing and storage fees. The circuit court erred by affirming the district court's decision to hold a hearing without Noll's first having posted the required bond.

Reversed and remanded. Circuit court directed to vacate district court's order.

MOTOR VEHICLES — ABANDONED VEHICLES — HEARING TO CONTEST ABANDON- MENT OR REASONABLENESS OF TOWING AND STORAGE FEES — REQUIRED BOND.

Under MCL 257.252a(6) and (13), the title owner of a vehicle who requests a hearing to determine whether the vehicle should be considered abandoned, or to contest the reasonableness of the fees accrued for towing and storing the vehicle, must post a bond in the amount of $40 plus the amount of the accrued towing and storage fees; the bond must be posted before a hearing is held regardless of whether the owner seeks release of the vehicle before the hearing.

*Law Offices of Jerome & McClean* (by *David E. Jerome* and *Daniel D. McLean*) for defendant.

Before: K. F. KELLY, P.J., and O'CONNELL and BOONSTRA, JJ.

BOONSTRA, J. In this case regarding the abandonment of a vehicle, respondent appeals as on leave granted[1] the

---

[1] Respondent applied in this Court for leave to appeal the circuit court's order, which we denied. *Noll v Ritzer*, unpublished order of the

circuit court's order affirming the district court's ruling that petitioner was not required to post a bond under MCL 257.252a in order to proceed with an abandoned-vehicle hearing when petitioner was not seeking release of the vehicle before the hearing. We reverse and remand for further proceedings consistent with this opinion, and we direct the circuit court to vacate the district court's order.

### I. PERTINENT FACTS AND PROCEDURAL HISTORY

Petitioner sold a motorcycle to a third party for cash, but he failed to maintain documentation to prove that the sale had taken place. The third party was subsequently involved in an accident with the motorcycle that involved a fatality. At the direction of the Michigan State Police, respondent towed the motorcycle from the scene and then stored it for nearly a year while the police investigated the incident. The towing and storage fees charged by respondent during that time totaled more than $11,000.

On May 8, 2014, petitioner was sent a Notice of Abandoned Vehicle, which informed him that he was the title owner of the motorcycle that was taken into police custody as an abandoned vehicle. The notice informed petitioner that he could contest the determination that the vehicle was abandoned or the reasonableness of the towing and storage fees by completing the enclosed petition to request a hearing. Petitioner submitted a petition under MCL 257.252a(6), requesting a hearing to challenge the reasonableness of the towing and storage fees. The district court held a

---

Court of Appeals, entered October 23, 2015 (Docket No. 328131). On May 2, 2016, our Supreme Court, in lieu of granting leave to appeal, entered an order remanding the case to this Court for consideration as on leave granted. *Noll v Ritzer*, 499 Mich 912 (2016).

hearing regarding petitioner's challenge even though petitioner did not first post a bond with the court in the amount of $40 plus the accrued towing and storage fees. Relevant to this appeal, the district court noted that although "the letter of the law" required petitioner to post a bond in the full amount of the towing and storage fees, the district court's practice was to not require the bond be paid unless a petitioner sought release of a vehicle before the hearing. The district court ultimately concluded that the police had complied with the procedures for processing the vehicle, that respondent, as the towing agency, had complied with the procedures for proper removal of the vehicle, and that the towing and daily storage fees were reasonable. However, the district court held that respondent was limited to $1,000 in damages due to limitations set by MCL 257.252i(2).[2] Respondent appealed the district court's decision in the circuit court. The circuit court ruled that the district court did not err by determining that petitioner was not required to pay a bond under MCL 257.252a in order to proceed with the hearing on petitioner's petition because petitioner was not seeking release of the vehicle. The circuit court did conclude that the district court had erred in other respects not at issue in this appeal.

## II. STANDARD OF REVIEW

We review de novo questions of statutory interpretation. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719

---

[2] MCL 257.252g requires a police agency or designated third party to sell the vehicle at public auction and to first apply the proceeds toward accrued towing and storage fees. If a balance remains after receiving the money from the sale, "the towing company may collect the balance of those unpaid fees from the last titled owner" subject to MCL 257.252i. MCL 257.252g(2)(a). MCL 257.252i(2) limits these damages and essentially caps them at $1,000.

NW2d 1 (2006). Our review of a circuit court's review of a district court's order is also de novo. See *First of America Bank v Thompson*, 217 Mich App 581, 583; 552 NW2d 516 (1996).

### III. ANALYSIS

Respondent argues that the circuit court's affirmance of the district court's order was erroneous because the district court held a hearing on petitioner's petition in violation of the requirements of MCL 257.252a. We agree.

The Michigan Vehicle Code, MCL 257.1 *et seq.*, prohibits the abandonment of vehicles and provides a statutory scheme for the removal and disposition of abandoned vehicles. The code also provides the processes by which a person may recover a vehicle or challenge the removal or seizure of a vehicle. See MCL 257.252a, MCL 257.252b, and MCL 257.252d to MCL 257.252m. In this case, petitioner's vehicle was removed pursuant to MCL 257.252d(1)(e), which allows a police agency to "provide for the immediate removal of a vehicle from public or private property to a place of safekeeping at the expense of the last-titled owner of the vehicle" if "the vehicle must be seized to preserve evidence of a crime, or if there is reasonable cause to believe that the vehicle was used in the commission of a crime."

Respondent asks this Court, as an issue of first impression, to interpret MCL 257.252a as it relates to posting a bond for towing and storage fees before a hearing. "The primary goal of statutory interpretation is to give effect to the Legislature's intent." *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006). "If the language of a statute is clear and unambiguous, the statute must be enforced as written

and no further judicial construction is permitted." *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). Judicial construction of a statute is only permitted when statutory language is ambiguous. *Id.* at 312. A statute is not considered ambiguous simply because reasonable minds could differ regarding the meaning of the statute. *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 165-166; 680 NW2d 840 (2004). Instead, a statute is ambiguous only if it creates an irreconcilable conflict with another provision or it is equally susceptible to more than one meaning. *Id.* at 166.

"[A]pparently plain statutory language can be rendered ambiguous by its interaction with other statutes." *Ross v Modern Mirror & Glass Co*, 268 Mich App 558, 562; 710 NW2d 59 (2005). In the case of tension or conflict between the sections of a statute, the sections should be construed, if possible, to give meaning to each section so that they are harmonized. *Nowell v Titan Ins Co*, 466 Mich 478, 483; 648 NW2d 157 (2002). It is well settled that when construing a statute, a court must read it as a whole. *Apsey v Mem Hosp*, 477 Mich 120, 127; 730 NW2d 695 (2007). "[C]ourts must pay particular attention to statutory amendments, because a change in statutory language is presumed to reflect either a legislative change in the meaning of the statute itself or a desire to clarify the correct interpretation of the original statute." *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009).

In this case, respondent relies on MCL 257.252a(6) and (13), which state as follows:

> (6) *The owner may contest the fact that the vehicle is considered abandoned or the reasonableness of the towing fees and daily storage fees by requesting a hearing and posting a bond equal to $40.00 plus the amount of the*

*accrued towing and storage fees.* A request for a hearing shall be made by filing a petition with the court specified in the notice described in subsection (5)(c) within 20 days after the date of the notice. If the owner requests a hearing, the matter shall be resolved after a hearing conducted under sections 252e and 252f. An owner who requests a hearing may obtain release of the vehicle by posting a towing and storage bond in an amount equal to the $40.00 plus the accrued towing and storage fees with the court. The owner of a vehicle who requests a hearing may obtain release of the vehicle by paying a fee of $40.00 to the court and the accrued towing and storage fees instead of posting the towing and storage bond.

* * *

(13) The owner may contest the fact that the vehicle is abandoned or, unless the towing fees and daily storage fees are established by contract with the local governmental unit or local law enforcement agency and comply with section 252i, the reasonableness of the towing fees and daily storage fees by requesting a hearing. A request for a hearing shall be made by filing a petition with the court specified in the notice within 20 days after the date of the notice. If the owner requests a hearing, the matter shall be resolved after a hearing conducted under section 252f. An owner who requests a hearing may obtain release of the vehicle by posting with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees. The owner of a vehicle who requests a hearing may obtain release of the vehicle by paying a fee of $40.00 to the court plus the towing and storage fees instead of posting the towing and storage bond. *An owner requesting a hearing but not taking possession of the vehicle shall post with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees.* [Emphasis added.]

MCL 257.252a(6) thus states that the owner may contest the reasonableness of the fees "by requesting a hearing and posting a bond equal to $40.00 plus the

amount of the accrued towing and storage fees." And MCL 257.252a(13) states that "[a]n owner requesting a hearing but not taking possession of the vehicle shall post with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees." Use of the word "shall" by the Legislature "generally indicates a mandatory directive, not a discretionary act." *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013). Therefore, looking only at the italicized portions of the statute relied on by respondent, the statute appears to be unambiguous and to support respondent's claim.

However, as stated, "apparently plain statutory language can be rendered ambiguous" by other statutory language. *Ross*, 268 Mich App at 562. If possible, conflicting sections of a statute should be construed harmoniously to give meaning to each section. *Nowell*, 466 Mich at 483. MCL 257.252a(6) also states that "[a]n owner who requests a hearing may obtain release of the vehicle by posting a towing and storage bond in an amount equal to the $40.00 plus the accrued towing and storage fees with the court." This language appears to suggest that although a hearing has been requested, a bond is not required except to obtain release of the vehicle. And the first sentence of MCL 257.252a(13) provides that an "owner may contest the fact that the vehicle is abandoned or . . . the reasonableness of the towing fees and daily storage fees by requesting a hearing," without any mention that a bond for the towing and storage fees must be posted. As with Subsection (6), Subsection (13) also provides that "[a]n owner who requests a hearing may obtain release of the vehicle by posting with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees," which again appears to contemplate a situation in which a hearing has been

requested but a bond is not required except to obtain release of the vehicle. Similarly, MCL 257.252b(8), which applies to abandoned scrap vehicles, states that "[a]n owner who requests a hearing may obtain release of the vehicle by posting a towing and storage bond equal to $40.00 plus the accrued towing and storage fees with the court." Furthermore, MCL 257.252e(3) refers to "the towing and storage bond posted with the court to secure release of the vehicle under section 252a, 252b, or 252d," and for situations in which the police agency or towing agency did not comply with the required procedures, MCL 257.252f(3)(b) and (g) refer to "any fee or bond posted by the owner." All of these provisions at least imply that a bond is required to be posted only to secure release of the vehicle, not as a mandatory prerequisite for holding a hearing.

Therefore, the language of MCL 257.252a(6) and (13) "is equally susceptible to more than a single meaning"; that is, the language is ambiguous. *Lansing Mayor*, 470 Mich at 166 (emphasis omitted). Indeed, both the district court and the circuit court in this case expressed frustration with the language of the statute and the apparently conflicting requirements regarding the posting of a bond. Because the statute must be read as a whole, *Apsey*, 477 Mich at 127, this Court must determine which language in the statute supersedes the other conflicting language.

MCL 257.252a was amended in 2008. See 2008 PA 539.[3] Subsections (6) and (13) remained completely unchanged from the previous versions of those provisions, see 2004 PA 495, except for two additions to the statutory language. First, the phrase "and posting a bond equal to $40.00 plus the amount of the accrued

---

[3] The version of MCL 257.252a, as amended by 2008 PA 539, effective January 13, 2009, was the version in effect at the time of the instant case.

towing and storage fees" was added to the first sentence of Subsection (6). Second, the sentence "An owner requesting a hearing but not taking possession of the vehicle shall post with the court a towing and storage bond in an amount equal to $40.00 plus the accrued towing and storage fees" was added to the end of Subsection (13). See 2004 PA 495 and 2008 PA 539. Before the 2008 amendment, the statute made no mention of posting a bond for towing and storage fees except in reference to an owner seeking release of the vehicle before the hearing; other parts of the relevant statutes referring to payment of (or posting a bond for) towing and storage fees did so only in the context of an owner who sought release of the vehicle before the hearing. The language added by the 2008 amendment reflects the intent of the Legislature to mandate or clarify that a bond in the amount of $40 plus accrued towing and storage fees must be posted before a hearing can take place. *Bush*, 484 Mich at 167.

We hold that the 2008 amendment of the statutory language in MCL 257.252a(6) and (13) reveals the Legislature's intent that posting of a bond in the amount of $40 plus accrued towing and storage fees must accompany a request for a hearing under MCL 257.252a unless the fees have already been paid (or bond posted).[4]

---

[4] This is the same conclusion reached by the State Court Administrative Office (SCAO), as demonstrated by a March 19, 2009 advisory memorandum that SCAO issued following the effective date of 2008 PA 539. In that memorandum, SCAO stated that "[f]or a vehicle towed under MCL 257.252a or 257.252d, the court must now collect a bond in the amount of $40 plus accrued towing and storage fees when a petition is filed (unless the accrued towing and storage fees have already been paid by the vehicle owner), even if the owner is not seeking release of the vehicle." SCAO, Memorandum, *Contesting the Abandonment Process or Towing and Storage Fees of Vehicles under MCL 257.252a, et seq.* (March 19, 2009), p 1.

On the basis of our interpretation of MCL 257.252a, we hold that the district and circuit courts erred by determining that MCL 257.252a allowed a hearing challenging the reasonableness of towing and storage fees when petitioner did not post a bond in the amount of those towing and storage fees. The district court should not have held a hearing on petitioner's petition, and it erred by issuing an order on that petition.[5]

Reversed and remanded for further proceedings consistent with this opinion and with direction to the circuit court to vacate the district court's order. We do not retain jurisdiction.

K. F. KELLY, P.J., and O'CONNELL, J., concurred with BOONSTRA, J.

---

[5] We note that this Court has recently held that the requirement that a bond be posted for a claimant to contest the seizure of property under Michigan's civil asset forfeiture scheme, MCL 333.7521 *et seq.*, may not be applied to an indigent claimant to defeat the claimant's due process right to be heard. See *In re Forfeiture of 2000 GMC Denali & Contents*, 316 Mich App 562; 892 NW2d 388 (2016). No constitutional challenge or argument concerning indigency was raised in the instant case.